**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4035**

───────────────

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

          versus

JUNIOR DWAN RIDGES,

                                   Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., Senior District Judge.  (CR-05-146)

───────────────

Submitted:  November 30, 2006      Decided:  December 19, 2006

───────────────

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.   Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Junior Dwan Ridges was convicted on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2006). The district court sentenced Ridges to 262 months in prison. Ridges timely appealed. Ridges' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious grounds for appeal, but challenging a jury instruction and the sentence imposed by the district court. We find that the district court's jury instruction was appropriate, the district court properly applied the sentencing guidelines, and that the sentence imposed is reasonable. We therefore affirm.

Ridges first asserts that the district court erred by instructing the jury that Ridges bore the burden of proving the defense of justification. This argument is foreclosed by established precedent. See United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989); see also Dixon v. United States, 126 S. Ct. 2437, 2442 (2006).

Secondly, Ridges argues that the court violated his Sixth Amendment rights by enhancing his sentence pursuant to the Armed Career Criminal Act because his prior convictions were not submitted to a jury or proven beyond a reasonable doubt. This claim also is foreclosed by circuit precedent. United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005), cert. denied, 126

S. Ct. 1463 (2006); United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

Finally, Ridges asserts that his 262-month sentence is unduly harsh. This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court must then consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. If the sentence imposed is within the advisory guideline range, it is presumed to be reasonable. United States v. Green, 436 F.3d 449, 456-57 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Here, treating the guidelines as advisory, the district court properly determined the guideline range and, after consideration of the § 3553(a) factors, imposed a sentence within that range. We find that the resulting 262-month sentence is reasonable. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

- 3 -

appeal.  We therefore affirm Ridges' conviction and sentence. Ridges' counsel's motion to withdraw from representation is denied. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED